UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: Adam Beauford Foltz and Sarah Anne Foltz | Case No. 11-04968-swd |
| 11763 Sequanota Heights Drive Charlevoix, MI 49720 | Chapter 7 |
| xxx-xx-5157 xxx-xx-0951 | Honorable Scott W. Dales |
| Debtors. / | |
| Stonebrook Construction, LLC, A Michigan Limited Liability Company, Plaintiff, | Case No. 11-80380-swd |
| v | |
| Adam Beauford Foltz, Defendant. / | |

### ANSWER TO COMPLAINT TO DENY DISCHARGE PURSUANT TO 11 U.S.C. §727 (a)(4)(A) AND FOR JUDGMENT IN SUM CERTAIN FOR $15,888.00

**DEFENDANTS**, Adam and Sarah Foltz, answer Plaintiff's Complaint as follows:

### GENERAL ALLEGATIONS

1. Defendants indicate there is no legal authority or factual information which would persuade this Honorable Court to deny the discharge they are seeking.

2. Defendants acknowledge that Federal Rules of Bankruptcy Procedure 7001(4) deals with an adversary proceeding and objecting to or revoking a discharge, other than an objection to discharge under § 727(a)(8), (a)(9), or 132(f), of which Plaintiff does not have sufficient grounds to request.

1

3. Defendants admit this Court has subject matter jurisdiction regarding the adversary proceeding filed by Plaintiff.

4. Defendants admit this is a Court proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

5. Defendants admit Plaintiff is a Michigan limited liability company.

6. Defendant, Adam Foltz, admits he is an individual resident of the State of Michigan.

7. Defendant, Sarah Foltz, admits she is the wife of Debtor in the joint case under Number 11-04968.

8. Defendants admit that they have filed an underlying case in this matter under case No. 11-04968 seeking Chapter 7 relief on or about April 29, 2011.

9. Defendants admit that the meeting of the creditors was held on June 15, 2011, at which time statements were made and the meeting was continued for records collection purposes only.

10. Defendants indicate the meeting of creditors was not continued on July 13, 2011, since the documents requested by Trustee Boyd on June 15, 2011, were produced before that date.

11. Defendants admit the deadline to object to the discharge of the debtor was August 15, 2011.

12. Defendants admit that on their Schedule F the specific amount owed to Plaintiff was $15,888.00 for construction work rendered in Galveston, Texas. Plaintiff is aware the funds to be paid by the general contractor were not produced and the homeowner filed a lawsuit against him/it.

13. Defendants admit that they testified under oath at the meeting of creditors held on June 15, 2011.

14. Defendants admit that they testified that petition, statements and schedules were truthful, accurate and complete.

15. Defendants admit that the petition, statements and schedules signed on April 29, 2011, were signed under oath as to their truthfulness.

### ALLEGATION #1 PURSUANT TO 11 U.S.C. § 727(a)(4)(A)

16. Defendants state each and every response stated above as if set forth herein.

17. Defendant, Adam Foltz, admits that he is indebted to Cyndi King of Galveston, Texas, but denies that it is approximately $36,000.00.

18. Defendant, Adam Foltz, indicates he inadvertently failed to inform his bankruptcy attorney of the debt he owed to Ms. King when the petition and schedules were filed. An Amended Schedule F has been filed adding Ms. King as a creditor.

19. Defendant is not aware of the existence of a promissory note for $26,000.00, and as a result, denies this allegation.

20. Defendants admit that Plaintiff's attorney, through their attorney, requested an extension to file objections to dischargeability, but it was denied since specific information to support the grounds for preventing the discharge were not presented.

21. Defendants admit that in their attorney's correspondence to Plaintiff's attorney, the issue of the debt owed to Ms. King was not addressed since it is not relevant to the pending claim(s) based upon the Chapter 7 case being a no-asset case and the fact Defendants do not plan on repaying Ms. King the debt owed.

22. Defendants have amended Schedule F to reflect the debt owed to Ms. King.

23. Defendant denies that he committed any type of fraud or took any false action regarding the debt owed to Ms. King since he simply forgot to provide that information to his attorney.

24. Defendant is unaware of the existence of the promissory note as alleged, and as a result, denies this allegation.

25. Defendant denies that the omission of the debt owed to Ms. King was a knowing omission.

26. Defendant denies that he intentionally deceived the Court and/or the parties in interest as to the debt owed to Ms. King.

27. Defendant denies that the omission relates materially to the bankruptcy case since the admission of that creditor does not harm any parties of interest or the Trustee, especially since it is a no-asset case and Defendant, Adam Foltz, has not paid or agreed to repay Ms. King the debt at issue.

28. Defendant denies that the omission denied the Trustee and/or creditors adequate relevant information.

### ALLEGATION #2 PURSUANT TO 11 U.S.C. § 727(a)(4)(A)

29. Defendants state forth each and every response stated above as if set forth herein.

30. Defendant, Adam Foltz, admits that Plaintiff served as a subcontractor for a project in the Galveston, Texas, area with the understanding that the parties would split any profit.

31. Defendants admit that the debt listed on Schedule F arises based upon Plaintiff not receiving its full compensation for the Galveston job, since the general contractor received payment from the homeowner and failed to transfer the appropriate funds to Plaintiff and/or Defendant.

32. Defendants admit that Theodore Steinbach did question Defendant at the meeting of creditors.

33. Defendant, Adam Foltz, admits he testified under oath.

34. Defendant indicates that when he was questioned as to how much he was paid for the project, he believed the question referred to the net income he received in which he did indicate $7,000.00.

35. Defendant indicates that when he was asked as to who he provided the $7,000.00 funds to, he believes he indicated that $4,000.00 was provided to Plaintiff.

36. Defendant indicates that the gross sum he was paid for the Galveston job by Mark Adlam was $12,000.00, but of that sum, $5,000.00 was deducted for materials/costs.

37. Defendant admits that he informed his attorney that he received $12,000.00 as stated within the correspondence at issue, but also indicated that $5,000.00 was for costs.

38. Defendant admit this allegation since he did receive $12,000.00 and deducted $5,000.00 for materials/costs.

39. Defendant denies that his testimony produced during the meeting of creditors was false.

40. Defendant denies that he received two months of lodging in the Galveston area as part of his payment for services rendered.

41. Defendant denies this allegation since for a period of three weeks he did stay at the Galveston home but did not consider it payment for the job at issue.

42. Defendant admits that at the time of the signing of his Declaration and his testimony at the meeting of creditors, he received a gross payment of $12,000.00 with a net of $7,000.00.

43. Defendant denies that the $5,000.00 was considered income since it was reimbursement for costs and material incurred regarding the project at issue.

44. Defendant denies that he deceived the Court in any manner regarding the $5,000.00 at issue concerning costs and materials.

45. Defendant denies that he deceived the Court in any manner since he did not stay at Mark Adlam's home for two months, as alleged, but resided there for approximately three weeks.

46. Defendant admits that he did not omit any material information and furthermore states that the Michigan Home Builder's Trust Fund Act or constructive trust does not apply since the

project at issue took place in the State of Texas.

47. Defendant denies that any omission occurred and/or was a harmless error which would not change the Trustee and/or creditors' need for further examination or investigation.

**WHEREFORE,** Defendants respectfully request this Honorable Court grant them the following relief:

a. Find that Plaintiff's adversary proceeding claims are frivolous and award Defendants attorney fees and costs so wrongfully sustained.

b. Allow the Defendants the discharge they are seeking.

c. Enter a judgment for the Defendants regarding the costs and attorney fees they have and/or will so wrongfully sustain.

d. Grant Defendants any other relief that this Honorable Court deems just and equitable.

**BARRON & ENGSTROM**

Dated: September 12, 2011

By: Edward F. Engstrom (P42437)
Attorney for Defendants
P.O. Box 309
Charlevoix, MI 49720
Phone: 231-547-9950
Fax: 231-547-2977
Email: efengstrom@barronengstrom.com